IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RSUI GROUP, INC., etc.,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION 07-0142-WS-B |
| ) | |
| **WILLIS OF ALABAMA, INC., etc.,** ) | |
| ) | |
|     **Defendant.** ) | |

**ORDER**

This matter is before the Court on the defendant's motion to dismiss or, in the alternative, for summary judgment. (Doc. 13). The parties have submitted briefs and evidentiary materials in support of their respective positions, (Docs. 13, 21, 22), and the motion is ripe for resolution. After carefully considering the parties' briefs and other relevant materials in the file, the Court concludes that the motion is due to be denied.

**BACKGROUND**

According to the amended complaint, the defendant issued a binder for commercial property coverage to the insured, Indies House, on December 23, 2005. The plaintiff insurer had repeatedly told the defendant to include in the binder an exclusion for a particular cabinet-finishing building, but the defendant issued the binder to the insured without the exclusion. On January 14, 2006, the cabinet-finishing building and its contents were damaged by fire. Although the actual policy contained the exclusion, the binder delivered to the insured did not, and in consequence the plaintiff was obligated under the binder to pay the claim, in the amount of approximately $210,000. The amended complaint alleges that the defendant breached a contract to issue a binder with the exclusion and that it negligently issued a binder without the exclusion. (Doc. 12).

The defendant argues that the plaintiff's claims are barred by Alabama's

"voluntary payment" rule. It also argues that it cannot be liable for breach of contract because it was not in a contractual relationship with the plaintiff and that it cannot be liable for negligence because it owed no duty to the plaintiff.

## DISCUSSION

"A motion to dismiss [for failure to state a claim] may be granted only when a defendant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Kirwin v. Price Communications Corp.*, 391 F.3d 1323, 1325 (11th Cir. 2004) (internal quotes omitted). "When considering [such] a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and the exhibits attached thereto." *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (internal quotes omitted).[1]

### I. Voluntary Payment.

The defendant's argument is based on *Mt. Airy Insurance Co. v. Doe Law Firm*, 668 So. 2d 534 (Ala. 1995). According to the defendant, *Mt. Airy* holds that, except in the subrogation context, "a party may not recover money it has voluntarily paid." (Doc. 13 at 3). Both *Mt. Airy* and the cases it cites, however, involve a plaintiff's suit to recover money the plaintiff paid *to the defendant*.[2] The plaintiff here, in contrast, paid no money to the defendant but paid it to a third party, allegedly in consequence of the defendant's

---

[1] *Kirwin* has been limited by *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007), but not in a manner relevant to the pending motion. At any rate, the parties have requested the Court to employ the *Kirwin* standard. (Doc. 13 at 3; Doc. 21 at 2).

[2] *See* 668 So. 2d at 535 (suit against insured to recover money paid to insured); *Weaver v. American National Bank*, 452 So. 2d 469, 474 (Ala. 1984) (suit against creditor to recover money paid to creditor); *Clifton v. Curry*, 10 So. 2d 51, 53 (Ala. App. 1942) (suit against lessor's agent to recover money paid to lessor's agent).

wrongdoing. The defendant's authorities do not address this situation.

Nor is there any obvious reason why the Alabama courts would apply the *Mt. Airy* rule in this situation. According to the amended complaint, the defendant's blunder legally obligated the plaintiff to honor the insured's claim; it would make little sense to hold that a party with an inescapable obligation, wrongfully created by another, to pay an innocent third party forfeits all right to be made whole by the wrongdoer if he honors that obligation. Whether or not Alabama actually recognizes such a principle, the defendant has not met its burden on motion to dismiss of establishing that the principle exists.[3]

The defendant could not prevail even were the Court to apply *Mt. Airy*. According to the defendant, the rule applies only if the plaintiff had "full knowledge of the facts" and only if payment to the third party occurred "without [the defendant's] consent." (Doc. 13 at 3, 4; Doc. 22 at 4). Neither element is established by the amended complaint and, on motion to dismiss, the deficiency cannot be supplied by outside evidence. At any rate, the defendant's briefs cite no evidence of either proposition.

Trying another tack, the defendant argues that "courts typically do not permit indemnification or contribution unless the plaintiff's payment was compelled by a court order or judgment." (Doc. 13 at 4). Assuming this is so, the defendant has not explained the relevance of the principle to this action. According to the defendant's own authority, an implied contract of indemnity arises only if the plaintiff has paid a third party when the defendant is the one liable, or primarily liable, to the third party. *Allstate Insurance Co. v. Amerisure Insurance Cos.*, 603 So. 2d 961, 963 (Ala. 1992). Here, it is the plaintiff, as the insurer, that was primarily liable to the insured, thanks to the binder; the defendant is not liable to the insured but may be liable directly to the plaintiff for issuing the incorrect

---

[3]The defendant's ipse dixit that the "different relationships" at issue in *Mt. Airy* "make no difference" to the analysis, (Doc. 13 at 4 n.3), falls far short of establishing the accuracy of the assertion.

binder.[4]  At any rate, the plaintiff's claim is not for indemnity or contribution, but for negligence and breach of contract.

## II.  Negligence.

The defendant argues that it had no duty to the plaintiff.  This argument depends on the following points: (1) the defendant is an independent insurance broker; and (2) it was hired by the insured to broker its insurance.  The defendant concludes that, given these circumstances, Alabama law precludes the imposition on it of a duty in favor of the plaintiff.  (Doc. 13 at 5-6; Doc. 22 at 6-7).

The threshold difficulty with the defendant's position is that it depends on facts that lie beyond the complaint.  Nor has the defendant submitted any evidence to establish these points.

Even could it be assumed on motion to dismiss that the defendant was acting as an "independent insurance broker," the defendant has not shown that this status necessarily eliminates any duty to the plaintiff.  Indeed, the defendant cites no Alabama cases discussing the circumstances under which a duty to act non-negligently may arise.  In general, "[t]he existence of a duty is determined by a number of factors, including (1) the nature of the defendant's activity; (2) the relationship between the parties; and (3) the type of injury or harm threatened. [citations omitted] The *key* factor is whether the injury was foreseeable by the defendant."  *Pritchett v. ICN Medical Alliance, Inc.*, 938 So. 2d 933, 937 (Ala. 2006) (internal quotes omitted) (emphasis in original).  That test appears favorable to the plaintiff here.

The amended complaint alleges that the defendant issued the binder pursuant to the plaintiff's request, and that the plaintiff's request was for a binder excluding coverage of

---

[4]Contribution as well applies when the defendant is directly liable to a third party, although Alabama does not allow for contribution among joint tortfeasors. *E.g., SouthTrust Bank v. Jones, Morrison, Womack & Dearing, P.C.*, 939 So. 2d 885, 900 (Ala. Civ. App. 2005).

the cabinet-finishing building.  The amended complaint also alleges that issuing a binder without the exclusion obligated the plaintiff to assume coverage for the fire damage to that building.  It would thus appear that the harm the plaintiff sustained was not merely a foreseeable consequence of negligent performance in issuing the binder but was precisely the harm that would naturally flow from such conduct.  Whatever arguments might be made as to why the *Pritchett* test of duty does not apply or is not satisfied, the defendant has advanced none.

Instead, the defendant argues that an independent insurance broker is the agent of the insured and that, as such, it owes a duty of care to the insured.  The defendant's unarticulated but necessary assumption is that its duty to the insured negates any duty to the plaintiff.  No law is cited to support this unlikely proposition.  Even if an independent insurance broker cannot be an agent of the insurer, that rules out only a duty to the insurer based on agency; it does not rule out a duty to the insurer established through other means, including the *Pritchett* formulation.

### III.  Breach of Contract.

The defendant argues that it could not have been in a contractual relation with the plaintiff.  The argument depends upon the same factual predicate as its argument concerning duty and thus fails because that factual predicate is not established by the amended complaint (or any proffered evidence).  The argument also depends on the same unsupported assumption the defendant invoked in opposition to the negligence claim — that the existence of a contractual relation with the insured negates a contractual relation with the insurer – and it is flawed for the reasons previously stated.  It may be that the defendant's (asserted) agency relation with the insured rendered it *improper* for the defendant to enter a contractual relation with the insurer, but the defendant cites no authority and provides no explanation for the facially implausible conclusion that its relation with the insured rendered it *legally impossible* to enter a contract with the

plaintiff.

The defendant also argues that, assuming that it entered a contract with the plaintiff to issue the binder, that contract did not require it to include an exclusion for the cabinet-finishing building. Because the document on which the defendant relies for this proposition is not part of the complaint, the defendant cannot prevail on this argument on motion to dismiss.

Recognizing this, the defendant requests the Court to convert its motion to one for summary judgment. The Court has discretion whether to do so, *e.g., Jones v. Automobile Insurance Co.*, 917 F.2d 1528, 1531-32 (11th Cir. 1990), but the defendant offers no reason why the Court should exercise its discretion in favor of conversion. Accordingly, the Court declines to convert the motion to dismiss into one for summary judgment.

Nor could the defendant prevail even were the Court to convert the motion. The entirety of its evidence consists of an affidavit attaching a quote "presented to insured, Indies House, by [the plaintiff's agent]." The quote, which does not mention an exclusion for the cabinet-finishing building, states that "[t]his constitutes entire quote." (Doc. 13, Exhibit A). There is no evidence, however, that this *quote* given *the insured* constitutes even part, much less all, of the *contract* with *the defendant* concerning issuance of a *binder*. Certainly the plaintiff has presented multiple communications informing the defendant that coverage would not include, and the binder must exclude, the cabinet-finishing building,[5] and the defendant has not offered to explain why these have no

---

[5]These include at least the following:

November 28, 2005 e-mail to the defendant: "In order for us to offer a renewal, the following applies at Loc. 2 (Haleyville) [:] Exclude the Building housing the Cabinet Finishing operation ...."

November 28, e-mail response from the defendant: "Thanks for ... the information below. AMY, please let us know your final pricing based on the terms as outlined below."

relevance to establishing the terms of the parties' alleged contract.

## CONCLUSION

For the reasons set forth above, the defendant's motion to dismiss or, in the alternative, for summary judgment is **denied**.

DONE and ORDERED this 29th day of August, 2007.

                                             s/ WILLIAM H. STEELE
                                             UNITED STATES DISTRICT JUDGE

---

    December 22, 2005 e-mail from the defendant: "What we need also: ... Either your binder OR give us written permission (by return email) to issue an ACORD binder in our office."

    December 23, 2005, 8:24 a.m. e-mail response to the defendant: "Your office can issue an necessary binders [sic] and/or certificates, just send us a copy of what you issue for our file."

    December 23, 2005, 11:32 a.m. e-mail to the defendant: "Jim wanted me to make mention again that certain buildings at location 2 are going to be excluded. This was our requirement for staying on the account. The excluded buildings are: Cabinet Assembly and Finishing Building ...."

(Doc. 12, Exhibit B at 4-5, 7-8). Because these documents are attachments to the complaint, they can be considered on motion to dismiss. There may, of course, be even more documents, as well as verbal communications, relevant to determining the content of the parties' agreement.