IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RSUI GROUP, INC., etc.,** )<br>)<br>   **Plaintiff,** )<br>)<br>v. )<br>)<br>**WILLIS OF ALABAMA, INC., etc.,** )<br>)<br>   **Defendant.** ) | CIVIL ACTION 07-0142-WS-B |

### ORDER

This matter is before the Court on the plaintiff's motion for leave to file a second amended complaint. (Doc. 28). The plaintiff's purpose is to add some factual allegations and a claim for suppression, based on the defendant's alleged failure to notify the plaintiff that it had bound coverage without excluding the cabinet-finishing building. The defendant has filed a brief in opposition and the plaintiff a reply, (Docs. 31, 34), and the motion is ripe for resolution.

"A party may amend the party's pleading once as a matter of course "at any time before a responsive pleading is served ...." Fed. R. Civ. P. 15(a). A "responsive pleading" includes an answer, but it does not include a motion to dismiss or motion for summary judgment. *Williams v. Board of Regents*, 477 F.3d 1282, 1291 (11th Cir. 2007); *accord Brewer-Giorgio v. Producers Video, Inc*., 216 F.3d 1281, 1284 (11th Cir. 2000). Although the defendant has not filed an answer, the plaintiff cannot amend as of right because it has already filed a first amended complaint. (Doc. 12).

Because the plaintiff cannot amend as of right, and because it has not provided the defendant's written consent to amendment, it may amend "only by leave of court." Fed. R. Civ. P. 15(a). "[L]eave shall be freely given when justice so requires." *Id*. Thus, leave should be given "[i]n the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to

cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999) (internal quotes omitted).  The only reason the defendant provides for denying the plaintiff's motion is futility.  As the defendant acknowledges, futility is established when "the complaint as amended is still subject to dismissal."  *Hall v. United Insurance Co.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004) (internal quotes omitted).

The defendant offers several reasons that amendment is futile.  First, it argues that the proposed suppression claim cannot survive Alabama's "voluntary payment" rule. (Doc. 31 at 4-6).  The defendant relies on its briefing in support of its motion to dismiss, which the Court has found inadequate to the task.

Second, the defendant argues that it had no duty to disclose because it was acting as the agent of the insured.  (Doc. 31 at 3-4).  This position as well rests on the argument the defendant submitted on motion to dismiss, which the Court has rejected as legally inadequate.

Finally, the defendant argues that amendment is futile because the plaintiff was aware that the binder failed to contain the exclusion, as evidenced by the attachment of the binder to the original complaint. (Doc. 31 at 4).  Clearly the plaintiff is now aware of the binder's contents, but the suppression claim is based on the plaintiff's ignorance of the binder's contents between December 23, 2005 (when the binder issued) and January 14, 2006 (when the loss occurred).  The plaintiff's attachment of the binder to a complaint filed in February 2007 says nothing about the plaintiff's awareness during the relevant period.

The defendant has failed to show that the proposed amendment is futile. Accordingly, the motion for leave to amend is **granted**.  The plaintiff is **ordered** to file and serve its second amended complaint on or before **September 5, 2007**.

DONE and ORDERED this 29th day of August, 2007.

<u>s/ WILLIAM H. STEELE</u>
UNITED STATES DISTRICT JUDGE